# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO DELGADO, | ) | 1:09cv01638 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO REMAND TO STATE |
| Plaintiff, | ) | COURT |
| | ) | (Document 26) |
| v. | ) | |
| | ) | |
| BANK OF AMERICA CORP., | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) | |
| RECONTRUST COMPANY, and DOES | ) | |
| 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 24, 2009, Plaintiff Fernando Delgado ("Plaintiff") filed the instant motion to remand the action to state court. Pursuant to Local Rule 78-230(h), the Court deemed the matter suitable for decision without oral argument.

## PROCEDURAL BACKGROUND

Plaintiff, a resident of Kern County, California, filed the underlying action in Kern County Superior Court on May 28, 2009. The complaint named ReconTrust Company, N.A., Bank of America Corporation, Countrywide Home Loans, Inc., and Does 1 through 50 as Defendants and made claims with regard to a promissory note and deed of trust on certain real property located in Kern County, California.

On July 15, 2009, BAC Home Loans Servicing, LP, a Texas limited partnership with its principal place of business in Texas, removed the action to the Sacramento Division of this court

1   based on diversity jurisdiction.

2   On July 22, 2009, Defendants filed a motion to dismiss.

3   On August 13, 2008, Plaintiff filed a motion to remand.

4   On August 21, 2008, BAC Home Loans Servicing, LP and ReconTrust Co., N.A.

5   ("ReconTrust") filed an amended notice of removal.

6   On September 16, 2009, the Sacramento Division ordered an intradistrict transfer of the

7   matter to the Fresno Division of this Court.  In the transfer order, the court denied the pending

8   motions without prejudice to being refiled in Fresno.

9   On September 16, 2009, Defendants refiled their motion to dismiss in this Court.  A

10  hearing is scheduled for November 30, 2009.

11  On September 24, 2009, Plaintiff refiled the instant motion to remand.  On October 13,

12  2009, Defendants filed an opposition to the remand motion.  Thereafter, Plaintiff filed a reply,

13  along with evidentiary objections.

14  ## ALLEGATIONS AND CAUSES OF ACTION

15  _____According to the complaint, this action concerns real property located at 5520 Mar

16  Grande Drive, Bakersfield, California 93307.  On February 14, 2007, Plaintiff purchased the

17  property and executed a promissory note in the amount of $256,622.00 secured by a deed of trust

18  in favor of Countrywide Home Loans, Inc. ("Countrywide").

19  Plaintiff was subsequently laid off from his job and was unable to make his mortgage

20  payments.  He contacted Countrywide to resolve the issue of his inability to make payments.

21  Plaintiff alleges that in or about November 2008 he was informed by Countrywide that new

22  programs were about to be offered for the repayment or modification of mortgages and Plaintiff

23  should not make further payments until those programs had been released and offered.  Plaintiff

24  followed that advice.

25  On or about December 10, 2008, Countrywide, and/or its successors in interest,[1] recorded

26  a Notice of Default and Election to Sell Under Deed of Trust.  On December 31, 2008,

27

28

[1]The remaining factual allegations name "Defendant COUNTRYWIDE and/or its successors in interest." For convenience, the Court will refer to Defendant as "Countrywide" throughout this section.

2

1   Countrywide sent Plaintiff a notice of delinquency and identified multiple methods of addressing

2   the alleged delinquency.  Plaintiff engaged counsel to negotiate a loan modification.  On February

3   6, 2009, Plaintiff's counsel sent Countrywide a loan modification request package.  On February

4   23, 2009, Countrywide responded and accepted Plaintiff's request as qualified written requests

5   under the Real Estate Settlement Procedures Act ("RESPA").

6          On March 11, 2009, Defendant ReconTrust recorded a Notice of Trustee's Sale.

7   Thereafter, Plaintiff's counsel contacted Countrywide and attempted to remove the pending sale.

8   Plaintiff alleges that Countrywide informed his counsel that it had no record of receiving previous

9   communications from Plaintiff or Plaintiff's counsel.

10          As a result of communications between Plaintiff's counsel and Countrywide, the Trustee's

11   Sale was delayed until May 4, 2009, to permit consideration of the loan modification package.

12   Following re-submission of the written loan modification package and repeated requests for

13   updates, Plaintiff and Plaintiff's counsel received no contact from Defendants.

14          On April 30, 2009, and May 1, 2009, Plaintiff's counsel contacted Countrywide to obtain

15   postponement of the Trustee's Sale.  On May 1, 2009, Plaintiff's counsel received messages from

16   Countrywide to the effect that it intended to deny the loan modification package because Plaintiff

17   was shown to be "negative" in income flow.  Plaintiff alleges that the package material did not

18   reflect a "negative" income flow.

19          On May 1, 2009, Plaintiff's counsel received communication from Countrywide that it had

20   never received a written loan modification package and it was too late to request an extension of

21   the Trustee's Sale.

22          Between May 2 and May 4, 2009, Plaintiff's counsel attempted to contact Countrywide

23   and ReconTrust regarding the loan modification package, the refusal to halt or delay the proposed

24   Trustee's Sale and the inconsistencies in communications regarding the loan modification

25   package.  Plaintiff and his counsel were informed that the Trustee's Sale would not be stopped.

26          On May 4, 2009, the property was sold in non-judicial foreclosure proceedings.

27          On May 28, 2009, Plaintiff filed suit in state court.  He asserted causes of action for: (1)

28   violation of California Civil Code § 2923.5 *et seq.*; (2) negligent misrepresentation; (3) intentional

3

1  misrepresentation; (4) fraud; (5) violations of California Business & Professions Code §§ 17200

2  and 17500; and (6) breach of the covenant of good faith and fair dealing.  Plaintiff seeks damages,

3  declaratory relief and injunctive relief, including an order setting aside the sale of the property.

**DISCUSSION**

4

5  A.    Legal Standard

6         By statute "any civil action brought in a State court of which the district courts of the

7  United States have original jurisdiction, may be removed by the defendant or the defendants, to

8  the district court of the United States for the district and division embracing the place where such

9  action is pending." 28 U.S.C. § 1441(a).  The party seeking to invoke federal jurisdiction bears

10 the burden of establishing jurisdiction.  See Indus. Tectonics, Inc. v. Aero Alloy, 912 F. 2d 1090,

11 1092 (9th Cir. 1990).

12        To establish jurisdiction based on diversity, there must be complete diversity of citizenship

13 and an amount in controversy greater than $75,000 exclusive of interest and costs.  28 U.S.C. §

14 1332(a).

15 B.    Analysis

16        Plaintiff moves for remand on the grounds that (1) Defendants cannot demonstrate

17 complete diversity; (2) Defendants' claim of "fraudulent joinder" concedes the lack of complete

18 diversity; (3) Defendants cannot establish that the amount in controversy exceeds $75,000; (4)

19 Defendants failed to join all defendants in removal; (5) Defendants failed to file a Notice of

20 Removal with the Superior Court; and (6) Defendants' Amended Notice of Removal is defective.

21        1.     Complete Diversity

22        Plaintiff first seeks remand based on a lack of complete diversity of citizenship.  Plaintiff is

23 a resident of California.  Plaintiff asserts that the citizenship of ReconTrust destroys diversity.

24 Plaintiff also questions the citizenship of BAC Home Loans Servicing LP.

25             a.     ReconTrust

26        Plaintiff contends that Defendant ReconTrust is either (1) a Nevada corporation with its

27 principal place of business in Los Angeles County, California; or (2) an unincorporated

28 association or trust whose stakeholders appear to be citizens of California or with principal place

4

of business in California.[2]  Defendants admit that ReconTrust Co., N.A. is a citizen of California, but argue that its citizenship should be disregarded for purposes of this action because its joinder was fraudulent.

"The joinder of a nondiverse defendant is fraudulent or a 'sham' and does not defeat jurisdiction if the plaintiff fails to state a cause of action against the defendant, and the failure is obvious according to the settled rules of the state." Soo v. United Parcel Serv., Inc., 73 F.Supp.2d 1126, 1128 (N.D.Cal.1999) (citing McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987) ("fraudulent joinder is a term of art")); see Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.) (noting that a defendant must show that "the individuals joined in the action cannot be liable on any theory" or that the resident defendant had "no real connection with the controversy"), cert. denied, 525 U.S. 963 (1998).

A party is deemed to have been joined fraudulently if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." Kalawe v. KFC Nat'l Management Co., 1991 WL 338566, at *2 (D.Haw. 1991) (citing Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1426 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990)).  If a defendant claims that other defendants were fraudulently joined, the court may go beyond the pleadings to examine facts that show that the joinder is fraudulent.  See Ritchey, 139 F.3d at 1318. "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." Macey v. Allstate Property and Cas. Ins. Co., 220 F.Supp.2d 1116, 1117 (N.D.Cal. 2002).

Defendants explain that Plaintiff has raised two claims against ReconTrust: (1) violation of Cal. Civ. Code § 2923.5 (First Cause of Action) and (2) violation of California's Unfair Competition Law ("UCL") (Fifth Cause of Action).[3]  Defendants argue that this is only one claim because the UCL allegations are based on ReconTrust's alleged violation of § 2923.5.  Complaint

---

[2]In support, Plaintiff cites the Declaration Robert Buscho ("Buscho Dec.") ¶¶ 3, 4.  However, no such declaration accompanies the instant motion to remand.

[3]Defendants note that Plaintiff has asserted "causes of action" for declaratory and injunctive relief. Defendants argue that these are not independent causes of action.

1    ¶¶52-54.  Defendants assert the Plaintiff is precluded from recovering anything against

2    ReconTrust under section 2923.5 for multiple reasons.  The Court agrees.

3         As Defendants contend, because Plaintiff seeks the equitable remedy of injunction, his

4    failure to satisfy the "tender rule" means he has failed to state a cause of action against

5    ReconTrust, the trustee in the foreclosure sale.  See, e.g., Lopez v. Chase Home Finance, LLC,

6    2009 WL 1120318, *3 (E.D.Cal. Apr. 24, 2009) ("defaulted borrower is required to allege tender

7    of the amount of the lender's secured indebtedness in order to maintain any cause of action for

8    irregularity in the sale procedure") (internal citations and quotations omitted).  Although Plaintiff

9    attempts to argue that the tender rule is not a complete defense, it appears essential to state a

10   cause of action to set aside a foreclosure.  See, e.g., Lopez, 2009 WL 1120318, at *3 (action to

11   set aside a foreclosure, unaccompanied by an offer to redeem, does not state a cause of action

12   which a court of equity recognizes); FPCI RE-HAB 01 v. E & G Investments, Ltd., 207

13   Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989) (explaining that valid and viable tender of

14   payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed

15   of trust).  Plaintiff arguably has conceded that he cannot satisfy the tender the rule.  Complaint

16   ¶¶11-12.  He also has provided no evidence to refute or to remedy his failure to satisfy the rule.

17   Accordingly, it does not appear that Plaintiff can state a cause of action against ReconTrust.

18        In addition, Plaintiff has failed to effectively respond to Defendants' arguments that even

19   setting aside the tender rule, Plaintiff's complaint fails to state a cause of action against

20   ReconTrust.  Instead, Plaintiff asserts that Defendants' arguments are "simply irrelevant given that

21   Defendants have estopped themselves from the argument by filing a Declaration under California

22   Civil Code §2924l, which effectively waives any challenge to the sufficiency of the Complaint as

23   to ReconTrust and which constitutes a representation that ReconTrust will be bound by any relief

24   this Court grants."  Reply, p. 3.  Plaintiff's assertion is without merit.

25        The declaration of nonmonetary status provides that ReconTrust is unaware of any

26   evidence that it "engaged in any misconduct" and the "complaint makes no allegations that

27   ReconTrust failed to perform any of its duties as a Trustee...."  Nonmonetary Status Declaration

28   ¶4.  If no objection to the declaration of nonmonetary status is filed within 15 days from service of

                                        6

the declaration, the trustee is not required to participate any further in the action and is not subject to any monetary awards, but is bound by any court order relating to the subject deed of trust. Cal. Civ. Code § 2924l. ReconTrust filed its declaration of nonmonetary status on October 13, 2009. In his October 23, 2009 reply papers, Plaintiff neither objected to the filing of the declaration nor indicated that he intended to object. Arguably, if Plaintiff failed to file any objections within the 15-day period, he effectively conceded that there is no evidence that ReconTrust engaged in any misconduct and that the complaint makes no allegations that ReconTrust failed to perform any of its duties as trustee. Although Plaintiff argues that ReconTrust is an indispensable party and without it a court will not be able to it to rescind the trustee's sale, by its nonmonetary status declaration, ReconTrust has agreed to be bound by any court order relating to the deed of trust. Cal. Civ. Code § 2924l; Declaration of Non-Monetary Status ¶5.

Moreover, ReconTrust has asserted no real interest or stake in the outcome of the suit. Sloan Aff. ¶7; Declaration of Non-Monetary Status ¶3. Thus, it is at most a nominal party. See, e.g., Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal ... parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant") (quotations omitted); cf. Hafiz v. Greenpoint Mortg. Funding, Inc., ___ F.Supp.2d ___, 2009 WL 2137423, *2 (N.D.Cal. Jul. 16, 2009) (filing of declaration of non-monetary status in state court transformed trustee into nominal party; trustee was not required to join or consent to removal when plaintiff raised no timely objection to non-monetary status); Amaro v. Option One Mortgage Corp., 2009 WL 103302, at *1 (C.D.Cal. Jan. 14, 2009) (noting that filing a declaration of nonmonetary status in state court transformed substitute trustee into a nominal third party).

Based on the above, ReconTrust does not defeat diversity jurisdiction.

b.      BAC Home Loans Servicing

As an initial matter, Plaintiff appears to concede, without discussion, that BAC Home Loans Servicing, L.P., is a proper defendant in this action though not named in the complaint.

Defendants argue that Plaintiff's complaint makes clear that he intended to name BAC Home

Loans Servicing, LP and ReconTrust as Defendants.  Defendants indicate that Countrywide Home

Loans, Inc. should not have been named in the Complaint because the conduct forming the basis

for Plaintiff's action occurred after March 3, 2007, the date Countrywide Home Loans, Inc.

transferred the servicing of Plaintiff's mortgage to Countrywide Home Loans Servicing, LP,

which later became BAC Home Loans Servicing, LP.  Amended Notice of Removal ¶ 6; Affidavit

of Rick Sloan ("Sloan Aff.")  ¶¶4-5 and Affidavit of Devra Lindgren ("Lindgren Aff.") ¶3

Although Plaintiff objected to portions of the Rick Sloan affidavit submitted by Defendants, he did

not object or respond to the portion that states:

> It is my understanding that Plaintiff has named Bank of America Corp. as a
> defendant in the caption of his lawsuit.  However, that entity had no involvement
> in the servicing or handling of Plaintiff's loan or the resulting foreclosure.  BAC
> Home Loans Servicing, LP, or its predecessor in interest, has been the loan
> servicer at all times relevant to Plaintiff's complaint, i.e., between November 2008
> and May 2009.

Sloan Aff. ¶6.   In sum, Plaintiff has not challenged the propriety of BAC Home Loans Servicing

LP as a defendant.

     However, Plaintiff argues that the removal papers provide no information that BAC Home

Loans Servicing LP or its members are diverse.  In their opposition papers and amended notice of

removal, Defendants indicate that BAC Home Loans Servicing LP is a Texas limited partnership.

For purposes of diversity jurisdiction, a limited partnership "is a citizen of all of the states of

which its partners are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899

(9th Cir. 2006).  Its members consist of BANA LP, LLC and BAC GP, LLC, limited liability

companies that are citizens of Nevada.  Amended Notice of Removal ¶¶7-9; Lindgren Aff. ¶¶5-6

     For purposes of diversity, LLCs are treated like a partnership and "an LLC is a citizen of

every state of which its owners/members are citizens." Id.  BANA and BAC GP are owned by

Bank of America, N.A.  Amended Notice of Removal ¶8; Lindgren Aff. ¶ 8.  National banking

associations are "citizens of the States in which they are respectively located." 28 U.S.C. § 1348.

Such association is "located" in "the State in which its main office, as set forth in its articles of

association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006).  Bank of

America, N.A. is a citizen of North Carolina, where its articles of association establish its main

office.   Amended Notice of Removal ¶9; Lindgren Aff. ¶7.  Defendants conclude that BAC Home Loans Servicing LP is a citizen of North Carolina.  In his reply, Plaintiff does not challenge the "citizenship" of BAC Home Loans Servicing LP.  As such, BAC Home Loans Servicing LP does not destroy complete diversity.

2.     Amount in Controversy

Plaintiff initially contends that Defendants have failed to meet their burden of proving that the amount in controversy exceeds $75,000.

Plaintiff's complaint does not specify a dollar amount.  In that instance, "the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the jurisdictional amount]."  Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).  The burden may be satisfied if it is "facially apparent from the complaint" or through "summary-judgment-type evidence."  Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

Defendants have made both showings.  First, Defendants point to allegations in Plaintiff's complaint that he suffered financial losses, including loss of real property, damage to reputation and credit standing, embarrassment and humiliation and emotional distress.  Plaintiff also added a claim for punitive damages.  Defendants assert that if successful, Plaintiff's recovery would exceed $75,000, and his punitive damages claim alone could exceed $75,000.  Defendants also point out that Plaintiff made no effort to argue that he seeks less than $75,000 and that he submitted no stipulations or affidavits to that effect.

Second, Defendants argue that they have submitted sufficient evidence outside the Complaint to satisfy their burden.  Defendants contend that in actions seeking declaratory or injunctive relief, such as here, the amount in controversy is measured by the value of the object of the litigation.  Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002).  Defendants assert that the object of this litigation is the home that Plaintiff seeks to reclaim.  Defendants submitted an affidavit claiming that an appraisal of the property performed on February 7, 2007, exceeds $75,000.  Sloan Aff. ¶8.

Plaintiff proffers nothing to suggest that he is not seeking more than $75,000 in this

1   lawsuit.  As to the value of the home, Plaintiff has objected to Defendants' supporting affidavit as

2   lacking foundation and as hearsay.  Plaintiff also contends that Defendants fail to consider the

3   liens on the real property that reduce its overall value.  However, Plaintiff provides no conflicting

4   evidence, admissible or otherwise, to suggest that the value of home does not exceed $75,000.

5   Accordingly, Defendants have met their burden regarding the amount in controversy.

6          Insofar as Plaintiff asserts judicial estoppel to claim that Defendants cannot establish the

7   amount in controversy, this assertion is without merit.  Plaintiff attempts to argue that because

8   Defendants filed a motion to dismiss contending that no possible claim for relief is stated in the

9   pleadings, then any argument or representation by Defendants in this motion that the amount in

10  controversy has any value is contradictory.  However, the amount in controversy requirement,

11  which is jurisdictional, is independent of whether Plaintiff's complaint is sufficient to state a claim

12  for relief.  Fed. R. Civ. P. 12(b)(1) (suit may be dismissed for lack of subject-matter jurisdiction);

13  Fed. R. Civ. P. 12(b)(6) (suit may be dismissed for failure to state a claim upon which relief can

14  be granted).

15          3.      Consent to Removal by All Defendants

16          Plaintiff contends that remand is compelled because Defendant Bank of America Corp.

17  and Defendant ReconTrust did not join the removal notice.  Defendants respond that BAC Home

18  Loans Servicing LP and ReconTrust are the only appropriate defendants.

19          Generally, all defendants must join in a removal notice with the exception of nominal

20  parties.  See Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).  Defendants argue

21  that Plaintiff did not intend to name Bank of America Corp. as a defendant.  Defendants assert

22  that Plaintiff named Bank of America Corp. under the misconception that it was Countrywide

23  Home Loans, Inc.'s successor in interest.  Defendants claim that Bank of America Corp. had

24  nothing to do with the servicing of Plaintiff's mortgage.  Sloan Aff. ¶6.

25          Plaintiff endeavors to discount Defendants argument regarding "intent" to file this action

26  against Bank of America Corp. by stating only that Bank of America is named in the caption and

27  body of the complaint.  As previously noted, however, he has not objected to the portions of the

28  Sloan Affidavit indicating that Bank of America Corp. had no involvement in the servicing or

1   handling of Plaintiff's loan or the resulting foreclosure.  Sloan Aff. ¶6.  Plaintiff has not refuted

2   Defendants' contention that he named Bank of America Corp. because he believed it to be

3   Countrywide's successor in interest.  Further, Plaintiff has not challenged Defendants' position

4   that BAC Home Loans Servicing LP is the proper defendant.

5           As to Plaintiff's contention that ReconTrust did not join in the removal, Defendants argue

6   that both BAC Home Loans Servicing LP and ReconTrust provided their consent by jointly

7   removing the action and that they are represented by the same legal counsel.  Here, the Notice of

8   Removal states that even though ReconTrust's presence in the suit is improper, it consented to

9   removal of the suit and was represented by the same counsel as consenting defendant BAC Home

10  Loans Servicing, LP.  Notice of Removal ¶9.  Plaintiff cites no authority holding that two

11  defendants represented by the same counsel must separately consent to the removal of an action.

12  Accordingly, the Notice of Removal is sufficient to demonstrate that ReconTrust, through its

13  counsel, consented to removal.  Cf. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262

14  n.11 (5th Cir. 1988) ("This does not mean that each defendant must sign the original petition for

15  removal, but there must be some timely filed written indication from each served defendant, *or*

16  *from some person or entity purporting to formally act on its behalf in this respect and to have*

17  *authority to do so*, that it has actually consented to such action") (emphasis added).

18          4.      Amended Notice of Removal

19          Plaintiff claims that Defendants' Amended Notice of Removal is defective pursuant to 28

20  U.S.C. §1446.  To support this claim, Plaintiff first indicates that the Amended Notice of Removal

21  was not filed within thirty (30) days of service of the complaint.  A notice of removal must be

22  filed within thirty days after receipt of the complaint or within thirty days after service of the

23  summons.  28 U.S.C. §1446(b).  In this case, Defendants were served on June 15, 2009, and the

24  original notice of removal was filed timely in district court on July 15, 2009.  Defendants filed

25  their amended notice on August 21, 2009.

26          Generally, a notice of removal may not be amended after the thirty-day period to add a

27  separate basis for removal.  ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl.

28  Quality of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000) (citations omitted).  However, the notice

1   may be amended after the thirty-day period to correct a defective allegation of jurisdiction.  Id.;

2   28 U.S.C. § 1653 (defective allegations of jurisdiction may be amended, upon terms, in the trial or

3   appellate courts); see also Kalcudis v. GTE Sprint Communications Corp., 806 F.Supp. 866, 869

4   (N.D.Cal. 1992) (defects in form of a removal petition are amendable at any time, not just within

5   the original 30-day period for removal).  In this instance, Defendants did not amend their notice of

6   removal to state an alternative basis for removal jurisdiction.  Instead, Defendants primarily

7   amended their notice to provide additional allegations as to the citizenship of BAC Home Loans

8   Servicing LP, which is permitted after expiration of the thirty-day period.

9          To the extent Plaintiff contends that Defendants were required to seek leave of the Court

10  to amend the notice of removal, this contention is not fully supported.  For example, courts

11  properly have allowed parties to amend their notice through an opposition to a motion to remand.

12  Cohn, 281 F.3d at 840 n.1 (district court did not err in construing opposition to motion to remand

13  as an amendment to notice of removal).

14         Plaintiff next argues that remand should be ordered because Defendants filed the initial

15  Notice of Removal in state court more than thirty (30) days after removal.[4]  The thirty-day

16  requirement of §1446 applies only to filing the notice in federal court and not in state court.  28

17  U.S.C. §1446(b).  Pursuant to §1446, defendants must file a copy of the removal notice with the

18  state court promptly after filing it in federal court.  28 U.S.C. § 1446(d).  This section does not

19  define "promptly."  However, courts have determined that "promptly" does not mean

20  simultaneously.  Shanks v. Northern Cal. Cement Masons Joint Apprenticeship Training Comm.,

21  1993 WL 150273, at *3 (N.D.Cal. 1993).  Here, Defendants filed the removal notice in state

22  court on September 9, 2009, approximately 56 days after removal to federal court.  Short delays

23  in filing the notice of removal with the state court do not necessarily warrant remand.  See, e.g.,

24  Nixon v. Wheatley, 368 F.Supp.2d 635, 640 (E.D.Tex. 2005) (twenty-two days); Shanks, 1993

25  _____

26         [4]Defendants argue that Plaintiff waived this objection by failing to raise it within thirty days of removal.
    Defendants assert that any objection to a defect other than lack of subject matter jurisdiction must be made within
27  thirty days of removal to federal court.  28 U.S.C. §1447(c).  Defendants state that Plaintiff did not raise this issue
    when he originally filed the motion to remand on August 13, 2009.  Given the intradistrict transfer and
28  corresponding order denying the motion to remand without prejudice to refiling, the Court will consider the merits
    of Plaintiff's argument in this instance.

WL 150273, at *3 (nearly sixty days).

Defendants explain that although a notice to the state court was ready to be filed the same day Defendants filed their notice of removal in district court, the person charged with filing the notice failed, through inadvertence or mistake, to file the notice with the state court.  Declaration of Donald M. Scotten ("Scotten Dec.") ¶¶3-4.  No one discovered the mistake until September 9, 2009.  Defendants filed the notice with the state court that same day.  Scotten Dec. ¶5.  Prior to that time, no state court proceedings had been conducted.  Scotten Dec. ¶6.

The Court finds that Defendants remedied their error as soon as they learned of it and the purposes of §1446 would not be undermined by retaining jurisdiction as no state court proceedings were conducted.  Accordingly, Defendant's procedural delay in filing the notice of removal in state court does not warrant remand.

Insofar as Plaintiff asserts that Defendants were required to file a copy of the Amended Notice of Removal in state court or that failure to do so divests this Court of jurisdiction, he cites no authority for such assertion.  His argument also appears unsupported given that a removal notice may be amended through an opposition to a motion to remand.  See, Cohn, 281 F.3d at 840 n.1.

## **ORDER**

Based on the above, Plaintiff's motion to remand is DENIED.


 IT IS SO ORDERED.

**Dated:   November 23, 2009          _____ /s/ Dennis L. Beck_____**
                                           UNITED STATES MAGISTRATE JUDGE

13